## WEEKS, Trustee, v. DAVIS.

No. 19891. Opinion Filed April 21, 1931.

A. E. Pearson and Hal Houston, for plaintiff in error.

J. B. Dudley, for defendant in error.

HEFNER, J. David Lawrence Davis was adjudicated a bankrupt on the 1st day of April, 1927. D. C. Weeks, plaintiff in error, was appointed trustee of his estate. In the year 1925, the bankrupt purchased from Newton C. Davis, who is in no wise related to him, 240 acres of land located in Cleveland county and took title thereto in the name of Bertha F. Davis, his wife. The trustee upon order of the referee brought an action in the district court of Cleveland county against Mrs. Davis to recover the land for the benefit of the creditors of the bankrupt. It is the contention of the trustee, plaintiff, that the land was purchased with funds belonging to the bankrupt and that title was taken thereto in the name

of his wife, defendant herein, for the purpose of cheating and defrauding his creditors. Upon the trial judgment was entered in favor of defendant.

The main contention of plaintiff is that the judgment is against the clear weight of the evidence. It appears from the evidence that at the time the land in question was purchased there existed an unsatisfied judgment of record against the bankrupt rendered in the district court of Oklahoma county. That since the rendition of this judgment he transacted no business in his name and accumulated on property. The purchase price of the property was $2,400. Bankrupt paid $1,400 in cash at the time of the purchase and assumed an outstanding mortgage against the premises in the sum of $1,000.

Defendant after having acquired title sold 80 acres of the land for more than enough to satisfy the mortgage, leaving the balance free from incumbrance. Defendant testified that she furnished the money with which to buy the land and that her husband was merely acting as her agent in purchasing it. She testified that about 20 years prior thereto she inherited $600 from her father; that her husband, from time to time, borrowed various amounts from her and always repaid her together with interest at 10 per cent. on the sums borrowed. That from such funds she bought other land and thereafter sold the same at a profit. That she had a son in military service; that through this source she received an allotment of $25 per month while he was in such service and that the total amount received from this source was $275; that through these sources she accumulated and had on hand the $1,400 cash used in purchasing the land.

Plaintiff developed on cross-examination of the witness that after the rendition of the judgment above mentioned, a dairy business, which was at that time conducted in the name of Mr. Davis, was transferred to one of his sons and thereafter conducted by the son.

It is contended by plaintiff that the evidence of defendant as to how she accumulated and kept her money is so inherently weak as to render it unworthy of belief and that the same should be given no weight by this court. We cannot agree with this contention. While this evidence discloses a transaction somewhat at variance with ordinary business dealings, we cannot for this reason alone entirely discredit it. The trial court had this witness before it, heard her evidence and evidently gave the story credence. It was in a better position to judge the credibility of the witness than this court. We would not be warranted in discrediting her evidence and casting it aside as unworthy of belief. When we take into consideration all the circumstances together with all the evidence in the case we cannot say that the judgment of the trial court is against the clear weight of the evidence.

The question of burden of proof is argued at length by counsel on both sides. We need not discuss this question, as it is not necessary to a decision in this case to determine upon whom rested the burden of proof. Assuming that it rested on defendant to establish the good faith of the transaction, in our opinion she has sufficiently met and discharged this burden.

It is next contended by plaintiff that the court erred in holding David Davis, husband of defendant, an incompetent witness. The trial court ruled that he might testify as to all matters in which he acted as the agent for defendant, but that as to other matters he was not competent under the statutes. Plaintiff contends that he was a competent witness under section 21a of the Bankruptcy Act, as amended in 1903. This section provides:

"A court of bankruptcy may, upon application of any officer, bankrupt, or creditor, by order, require any designated person, including the bankrupt and his wife, to appear in court or before a referee or the judge of any state court, to be examined concerning the acts, conduct, or property of a bankrupt, whose estate is in process of administration under this act. * * *"

In our opinion this section has no application to the case at bar. The act does not purport to govern the trial of a case between the trustee in bankruptcy and a third party in the state court. This section relates to examinations in the course of the bankruptcy proceedings and not otherwise. It is enacted for the purpose of enabling the bankruptcy court to administer the estate pending before it and does not purport, in cases tried in state courts, to supersede the state statute relative to the competency of witnesses. Speaking of the act, Brandenburg on Bankruptcy (4th Ed.) p. 365, section 474, says:

"The act gives full opportunity to all parties concerned in bankruptcy proceedings to obtain desired testimony. If the witnesses cannot appear before the court or referee having jurisdiction of the case, they may be required to appear before a referee or judge of a state court where they may for the time be residing."

This section did not operate to render the husband of plaintiff competent, and there was no error in the ruling of the trial court in this respect.

Judgment is affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.